## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SHANNON ALEXANDER (#298078)**

**VERSUS**

**JAMES LEBLANC**

**CIVIL ACTION**

**NO. 17-207-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 1, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SHANNON ALEXANDER (#298078)

VERSUS

JAMES LEBLANC

CIVIL ACTION

NO. 17-207-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate previously confined at Louisiana State Penitentiary ("LSP") in Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against James Leblanc, Secretary of the Department of Public Safety and Corrections, complaining that his constitutional rights were violated when a Second Step Response was not provided within the time permitted by the Louisiana administrative remedy procedure.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to

dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges in his Complaint, as amended, that he submitted an administrative grievance to prison officials at LSP, and that after a denial at the institutional First Step level, he sought further review by submitting the grievance for consideration at the Second Step of the administrative process, in the office of the defendant Secretary. The plaintiff complains that although he proceeded to the Second Step on January 25, 2017, and although the regulations pertaining to the Louisiana administrative remedy procedure call for a Second Step response to be provided within 45 days, he has not received a response. He thus asserts that the Secretary interfered with his administrative grievance by violating the regulations pertaining to the prison administrative policy.

The administrative remedy procedure does not itself establish any federal right. It is a mechanism for resolving disputes at the institutional level. The plaintiff's assertions amount to a claim by the plaintiff that the Secretary interfered with his access to the courts. A substantive right of access to the courts has long been recognized. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Specifically, access to the courts is incorporated into the First Amendment right to

petition the government for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375, 1387 (5th Cir. 1979). In its most obvious and fundamental manifestation, this right protects an inmate's physical access to the courts. Thus, for example, prison officials may not block or refuse to transmit, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts. Nor can they take other actions—such as confiscating or destroying legal papers—that would have a similar effect. *Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989), *overruled on other grounds*, *Horton v. California*, 496 U.S. 128 (1990). In order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that he has suffered some cognizable legal prejudice or detriment as a result of the defendant's actions. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

The plaintiff does not have a constitutional due process right to the proper handling or resolution of his administrative grievances. *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005). Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989). Finally, the plaintiff has not alleged any injury resulting from the complained of act, and no injury could have resulted from the delay since applicable regulations provide that, upon the failure of prison officials to provide a timely response at any stage of an inmate's administrative proceedings, the inmate may unilaterally proceed to the next step in the process. 22 La. ADC, Part I, § 325(J)(1)(c). Any delay in responding to the plaintiff's administrative grievance had no detrimental effect on the plaintiff's access to the courts. Accordingly, the plaintiff's claim has no arguable basis in fact or in law, and the complaint should be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A[1].

Signed in Baton Rouge, Louisiana, on August 1, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."