UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANNON ALEXANDER                                                  CIVIL ACTION

VERSUS

JAMES M. LEBLANC                                        NO.: 17-00207-BAJ-RLB

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 11)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses *pro se* Plaintiff's **Amended Complaint.**[1] **(Doc. 3).** Plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP") in Angola, Louisiana, alleges that Defendant James Leblanc, Secretary of the Department of Public Safety and Corrections, violated Plaintiff's rights when a Second Step Response was not provided within the time permitted by the Louisiana Administrative Remedy Procedure, La. Admin. Code tit. 22, § 325. (Doc. 3 at pp. 4–5; Doc. 11 at p. 2). The Magistrate Judge recommended that Plaintiff's Amended Complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A. (Doc. 11 at p. 5).

---

[1] The original complaint (Doc. 1) was hand written on office paper and filed with the Clerk of Court as an "Application for Writ of Mandamus." The complaint requested the Court issue a writ of mandamus ordering Secretary Leblanc to settle with, or render a ruling on, Plaintiff's pending "administrative remedy procedure." (Doc. 1 at p. 2). Plaintiff received a "Deficiency Notice" from the Clerk of Court advising that Plaintiff's suit is deficient in that he must submit a Civil Complaint on an approved form (the "42 U.S.C. § 1983 Complaint form"). (Doc. 2 at p. 1). Thus, the original complaint was amended (Doc. 3) so that it could be filed on the proper form.

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 11 at p. 1). Neither party objected. Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 11)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the **Amended Complaint (Doc. 3)** is **DISMISSED WITHOUT PREJUDICE**.[2]

Baton Rouge, Louisiana, this 5th day of January, 2018.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[2] The Court notes that Plaintiff has exhausted his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and is thus entitled to file a complaint that is in compliance with Rule 8 of the Federal Rules of Civil Procedure. Louisiana's grievance process consists of two-steps—the First Step and the Second Step. La. Admin. Code tit. 22, § 325(1). Section 1997e's exhaustion requirement is satisfied only if the prisoner "pursue[s] the grievance remedy to conclusion." *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015) (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). The prison's failure to timely respond to the prisoner's grievance at some preliminary step in the grievance process entitles the prisoner to move on to the next step in the process. *Id.* "Thus, it is only if the prison fails to respond at the *last* step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance." *Id.*